**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

CHEYENNE JOHNSON,

        Plaintiff,

v.                                CASE NO.: 8:23-cv-02760

AUTO PARTNERS I, LLC,
and AUTO PARTNERS IV, LLC,

        Defendants.
_____/

## <u>ANSWER AND DEFENSES</u>

Auto Partners I, LLC ("AP I") and Auto Partners IV, LLC ("AP IV") (collectively, "Defendants"), through counsel, files their Answer and Defenses to the Complaint filed by Cheyenne Johnson, ("Plaintiff"), and states the following:

1.      Denied.

2.      Admitted that the Complaint seeks to invoke Title VII and ERISA, otherwise denied.

3.      Admitted that the Complaint seeks to invoke Title VII and ERISA, otherwise denied.

4.      Admitted that Plaintiff was a resident of Florida, and pregnant, at the time of her employment, otherwise denied.

5.      Admitted.

6.     Admitted that AP I owns one car dealership, known as Dyer Chevrolet Vero Beach, otherwise denied.

7.     Admitted.

8.     Admitted that AP IV own one car dealership, known as Dyer Kia Lake Wales, otherwise denied.

9.     Denied.

10.     Admitted that Defendants, separately, employ more than 15 employees, otherwise denied.

11.     Denied, as phrased.

12.     Denied, as phrased.

13.     Admitted that the Court has jurisdiction over the matter, otherwise denied.

14.     Admitted that venue is proper in this Court, otherwise denied.

15.     Denied.

16.     Denied, as phrased.   Answering further, Defendants state that Plaintiff filed a charge of discrimination against "Dyer Auto Group—Dyer Kia," a non-existent entity.  The address listed on the charge belongs to AP I.

17.     Denied.

18.     Denied.

19.     Denied.

20.     Admitted that the EEOC issued a Notice of Right to Sue, but denied as to the notice naming AP I.

21.     Admitted that Plaintiff filed suit within 90 days of the Notice of Right to Sue, otherwise denied.

22.     Admitted that Ryan Pill contacted Plaintiff about an open, on-site position of employment, otherwise denied.

23.     Admitted that Ryan Pill contacted Plaintiff about an open, on-site position of employment, otherwise denied.

24.     Admitted that Defendants had open BDC positions, otherwise denied.

25.     Denied.

26.     Admitted Defendants knew Plaintiff was pregnant, otherwise denied.

27.     Defendants cannot fully respond to paragraph 27, because it lacks sufficient detail; therefore, denied.

28.     Admitted that Plaintiff would have been advised of available employee benefits, otherwise denied, and denied as to any allegation that Plaintiff was promised benefits beyond those offered by the company.

29.     Admitted that Plaintiff applied for employment, otherwise denied.

30.     Admitted that Plaintiff was interviewed, potentially twice, for the position of employment, otherwise denied.

31.     Admitted that Plaintiff was offered an on-site position of employment and not a remote work position, otherwise denied.

32.     Denied.

33.     Without knowledge of Plaintiff's personal opinions on the position; therefore, denied.   Answering further, Defendants state that Plaintiff knew the position was not remote prior to accepting the position and starting employment.

34.     Denied.

35.     Denied.

36.     Denied.

37.     Admitted that Plaintiff accepted a position of employment, otherwise denied.

38.     Admitted that Plaintiff reported to Dyer Kia Lake Wales and completed employment related paperwork, otherwise denied.

39.     Admitted that Ryan Pill was Plaintiff's supervisor at the time she was hired, otherwise denied.

40.     Admitted that Plaintiff was eligible for health insurance benefits, as set forth in the plan, otherwise denied.

41.     Admitted that on April 1, 2022, Plaintiff began work for AP I, otherwise denied.

42.     Denied.

43. Paragraph 43 does not provide sufficient information for Defendants to provide a response; therefore, denied.

44. Admitted that Plaintiff was offered the opportunity to be an independent contractor, otherwise denied.

45. Denied.

46. Denied.

47. Admitted that Plaintiff declined the opportunity to work as an independent contractor, otherwise denied.

48. Admitted that Rachel Foley became Plaintiff's supervisor on or about June 1, 2022, otherwise denied.

49. Admitted that Rachel Foley had supervisory authority over Plaintiff, otherwise denied.

50. Without knowledge of Plaintiff's communications with her physicians; therefore, denied.

51. Denied.

52. Denied.

53. Denied.

54. Without knowledge of when Plaintiff learned Ms. Foley was no longer employed; therefore, denied. Denied as to the reasons for Ms. Folely's departure.

55.     Denied.

56.     Admitted that due to administrative error, Plaintiff was not timely provided the health insurance enrollment paperwork, otherwise denied.

57.     Admitted that upon discovery of the administrative error, Plaintiff was offered the opportunity to enroll in the health insurance plan by paying the premiums owed or wait until the next enrollment period, otherwise denied.

58.     Denied.

59.     Without knowledge of how Plaintiff paid for medical care; therefore, denied.

60.     Denied.

61.     Without knowledge of Plaintiff's communications with her physicians; therefore, denied.

62.     Without knowledge of Plaintiff's communications with her physicians; therefore, denied.

63.     Admitted that Plaintiff met with David Dlugokecki and Denny Hodges, otherwise denied.

64.     Denied.

65.     Denied.

66.     Admitted that Plaintiff had a meeting on July 15, 2022, with Corey Clough and Dee Kallam, otherwise denied.

67. Denied.

68. Admitted that Plaintiff's employment was terminated due to a reorganization, otherwise denied.

69. Denied.

70. Denied.

71. Denied.

72. Denied.

73. Denied.

74. Denied.

75. Denied.

76. Denied.

77. Denied.

78. Denied.

79. Denied.

80. Denied.

81. Denied.

82. Denied.

83. Denied.

84. Denied.

## COUNT I: Sex Discrimination under Title VII

85.     Defendants incorporate herein their responses to paragraphs 22 through 86.

86.     Title VII speaks for itself; therefore, denied.

87.     Title VII speaks for itself; therefore, denied.

88.     Title VII speaks for itself; therefore, denied.

89.     Title VII speaks for itself; therefore, denied.

90.     Title VII speaks for itself; therefore, denied.

91.     Admitted that Plaintiff was pregnant, otherwise denied.

92.     Paragraph 92 appears to be Plaintiff's definition of disparate treatment under Title VII; therefore, denied.

93.     Denied.

94.     Denied.

95.     Denied.

96.     Denied.

97.     Denied.

98.     Denied.

99.     Denied.

## COUNT II: Retaliation under Title VII

100.    Defendants incorporate herein their responses to paragraphs 22

through 86.

101.   Title VII speaks for itself; therefore, denied.

102.   Admitted that Plaintiff was pregnant while employed by AP I, otherwise denied.

103.   Denied.

104.   Denied.

105.   Denied.

106.   Denied.

107.   Denied.

108.   Denied.

109.   Denied.

110.   Denied.

111.   Denied.

112.   Denied.

## COUNT III: Interference under ERISA

113.   Defendants incorporate herein their responses to paragraphs 22 through 86.

114.   ERISA speaks for itself; therefore, denied.

115.   Admitted that Plaintiff was eligible to participate in AP I's health plan, but otherwise denied.

116.   Admitted that Plaintiff was qualified to work, otherwise denied.

117.   Denied.

118.   Denied.

119.   Denied.

120.   Denied.

121.   Denied.

122.   Denied.

123.   Denied.

124.   Denied.

125.   Denied.

126.   Denied.

### COUNT IV: Breach of Fiduciary Duty under ERISA

127.   Defendants incorporate herein their responses to paragraphs 22 through 86.

128.   ERISA speaks for itself; therefore, denied.

129.   ERISA speaks for itself; therefore, denied.

130.   Admitted that Plaintiff was eligible to participate in AP I's health plan, otherwise denied.

131.   Denied.

132.   Denied.

133.    Denied.

134.    Denied.

135.    Denied.

136.    Denied.

137.    Denied.

138.    Denied.

## DEFENSES

Defendants assert the following defenses and denials of Plaintiff's claims. Defendants do not concede that any of the below defenses are affirmative in nature, with the potential exception of Defendants' twelfth and thirteenth defenses. Because discovery has not been conducted in this case yet, Defendants reserve the right to assert other defenses as appropriate.

Additionally, Defendants are jointly asserting these defenses, even though Plaintiff was employed by AP I and not AP IV. By alleging these defenses in plural fashion ("Defendants"), Defendant AP IV is not waiving its position that it has no liability in this case.

1.    First defense.   Defendant AP IV was not Plaintiff's employer, including for purposes of Title VII and ERISA. Plaintiff was employed by AP I. As a result, Plaintiff has failed to state a claim upon which relief can be granted as to AP IV and AP IV should be dismissed.

2.      Second defense.  To the extent Plaintiff has failed to fully exhaust her administrative remedies, she has failed to state a claim upon which relief can be granted under her Title VII claims.

3.      Third defense.  To the extent that Plaintiff cannot prove a prima facie case of discrimination or rebut Defendants' legitimate, non-discriminatory reasons for her termination, Plaintiff is not entitled to relief under her Title VII claims.

4.      Fourth defense.   To the extent Plaintiff cannot prove that the reorganization and resulting termination of employment was causally related to her pregnancy or desire for health insurance, Plaintiff is not entitled to relief under her Title VII claims.

5.      Fifth defense.   To the extent that Plaintiff cannot prove that she engaged in protected activity, as recognized under Title VII, and that her termination was causally related to any protected activity, Plaintiff is not entitled to relief under her Title VII retaliation claim.

6.      Sixth defense.  Defendants' reorganization of the department in which Plaintiff worked, which resulted in her termination, had nothing to do with her pregnancy or desire to join the health insurance plan.  To the extent that Defendants would have reorganized the department and terminated Plaintiff's employment regardless of her pregnancy, or desire to join the health insurance plan, Plaintiff is not entitled to relief under any of her claims.

7.      Seventh defense.   To the extent Plaintiff has failed to exhaust her administrative remedies under the specific health plan upon which she bases her ERISA claims, Plaintiff has failed to state a claim upon which relief can be granted.

8.      Eighth defense.   To the extent Plaintiff cannot prove that Defendants had the specific intent to interfere with her rights under ERISA, Plaintiff is not entitled to relief under her ERISA claims.   Specifically, Plaintiff's ability to join Defendants' health insurance plan, and pay her share of the premium, is governed by the plan documents and, to some extent, Defendants' policies and procedures. Plaintiff was afforded the ability to join Defendants' health insurance plan and as such was obligated to pay her share of the premiums.   Defendants acknowledged to Plaintiff that an administrative error led to a brief delay in her opportunity to join the health insurance plan.   Plaintiff was given the opportunity to pay her share of the premiums to obtain earlier coverage, which would have been her responsibility even if there was no error, but Plaintiff elected not to do so, instead opting to wait until the next enrollment period.   Therefore, Plaintiff was given the opportunity to join the health insurance plan, provided she pay her share of the premium, which was always going to be her responsibility, but she declined the opportunity.   As a result, Plaintiff cannot prevail on her ERISA claims and is not entitled to damages.

13

9.      Ninth defense.  To the extent that Plaintiff engaged in conduct that constitutes estoppel or waiver of her claims for ERISA interference or breach of fiduciary duty, Plaintiff is not entitled to relief.  Defendants incorporate their eighth defense, set forth above.

10.      Tenth defense.  To the extent Plaintiff cannot identify and prove that Defendants were a plan sponsor or fiduciary or that Defendants did something in breach of any recognized fiduciary duty, with the requisite intent, Plaintiff is not entitled to relief under her ERISA breach of fiduciary duty claim.

11.      Eleventh defense.  To the extent that Plaintiff's ERISA claims are subject to a contractual or plan limitations period, Plaintiff's claims are barred by such limitations period.

12.      Twelfth defense.  To the extent Plaintiff lacks standing to bring a claim for ERISA interference or breach of fiduciary duty, Plaintiff is not entitled to relief. Defendants incorporate the factual statements set forth above in the eighth defense and further state that Plaintiff was not a participant in any employer sponsored health insurance plan.

13.      Thirteenth defense.  To the extent that Plaintiff failed to obtain reasonable employment following her termination, Plaintiff has failed to mitigate her damages and is not entitled to relief under any of her claims.

14.     Fourteenth defense.  Plaintiff's damages, if any, are limited by the statutory damages caps set out in Title VII and ERISA.

15.     Fifteenth defense.  Defendants are not subject to liability for punitive damages because the alleged acts and omissions do not rise to the level required to sustain an award for punitive damages, do not evidence malicious, reckless, or fraudulent intent to deny Plaintiff her protected rights, are not so wanton and willful as to support an award for punitive damages, and do not otherwise entitle her to punitive damages.

WHEREFORE, Defendants respectfully request that the Court enter judgment in their favor and award them the reasonable attorney fees and costs incurred in defending this action as well as such other relief as the Court deems appropriate and just.

## NOTICE OF INTENT TO SEEK ATTORNEY FEES AND COSTS

Defendants give notice of their intent to seek and recover attorney fees and costs for the defense of Plaintiff's complaint.

Respectfully submitted,

*/s/ Jason L. Odom*
JASON L. ODOM
FBN: 476950
Gould Cooksey Fennell, PLLC
979 Beachland Boulevard
Vero Beach, FL 32963
(772) 231-1100--Telephone
Eservice: jlo-eservice@gouldcooksey.com
Attorney for Defendants

## CERTIFICATE OF SERVICE

    I HEREBY CERTIFY that on January 12, 2024, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to Kyle T. MacDonald with Derek Smith Law Group, PLLC, at 520 Brickell Key Drive, Suite O-301, Miami, FL 33131, with email address kyle@dereksmithlaw.com, attorney for Plaintiff.

/s/ Jason L. Odom
Jason L. Odom